22-183
*Hu v. City of New York*

**MANDATE**

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand twenty-three.

PRESENT:

> AMALYA L. KEARSE,
> DENNIS JACOBS,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

---

ERIC HU, NY DRILLING, INC., 888 CONSULTING CORP.,

> *Plaintiffs-Appellants,*

> v.                                                    No. 22-183

CITY OF NEW YORK, DENNIS BURKART, JOSE L. ESPAILLAT, MICHAEL CAMERA, RAFAEL COLLIS, SALVATOR CONCIALDI, ROBERT TURNER, CESAR ROMERO, RICK D. CHANDLER, MUHAMMAD IMRAN, D. ERIC HOYT,

> *Defendants-Appellees.*\*

---

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

For Plaintiffs-Appellants:    A ARON  B.  S CHWEITZER  (John Troy, Tiffany Troy, *on the brief*), Troy Law, PLLC, Flushing, NY.

For Defendants-Appellees:    A NTONELLA  K ARLIN  (Richard Dearing, Jamison Davies, *on the brief*), Assistant Corporation Counsel, *for* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

**UPON   DUE   CONSIDERATION,   IT   IS   HEREBY   ORDERED, ADJUDGED,  AND  DECREED** that the judgment of the district court is **AFFIRMED**.

Eric Hu, NY Drilling, Inc., and 888 Consulting Corp. (collectively, "Plaintiffs") appeal the district court's grant of summary judgment in favor of the City of New York, Dennis Burkart – an Assistant Chief Inspector at the New York City Department of Buildings (the "DOB") – and certain other officials employed by the DOB (collectively, "Defendants") as to Plaintiffs' claims under 42 U.S.C. § 1981 and the Equal Protection Clause for race-based and malice-based selective enforcement.  Plaintiffs allege that Burkart treated Hu, companies affiliated with him, and other Asian individuals in the construction industry differently than

2

similarly situated comparators when he imposed fines on Plaintiffs in the course of their drilling and excavation work at construction sites in New York City.

We previously vacated in part the district court's dismissal of Plaintiffs' claims under the Equal Protection Clause and section 1981, determining that Plaintiffs' amended complaint "just barely" alleged facts necessary to plausibly show a reasonably close resemblance between Plaintiffs and one of their proffered comparators, thereby satisfying the standard set forth in *LeClair v. Saunders*, 627 F.2d 606 (2d Cir. 1980). *Hu v. City of New York*, 927 F.3d 81, 91 (2d Cir. 2019). In light of the revived federal claims, we also vacated the district court's order declining to exercise supplemental jurisdiction over Plaintiffs' state-law claim – brought pursuant to N.Y. Gen. Mun. Law § 51 – and remanded the case for further proceedings. *Id.* at 107. After Defendants moved for summary judgment on remand, the district court determined that Plaintiffs failed to identify a sufficiently similar comparator and therefore dismissed Plaintiffs' *LeClair* Equal Protection and section 1981 claims. With no federal claims remaining, the district court again declined to exercise supplemental jurisdiction over Plaintiffs' state-law claim. This appeal followed. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

3

We review a district court's grant of summary judgment de novo, *Kee v. City of New York*, 12 F.4th 150, 157–58 (2d Cir. 2021), and will affirm when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). We review a district court's decision to decline to exercise supplemental jurisdiction for abuse of discretion. *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003).

To prove a *LeClair* Equal Protection claim, a plaintiff must establish that "(1) the person, compared with others similarly situated, was selectively treated," and "(2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person." *Zahra v. Town of Southold*, 48 F.3d 674, 683 (2d Cir. 1995) (internal quotation marks omitted). With regard to the first requirement, a plaintiff must show that he is "similarly situated in all material respects" to the plaintiff's proffered comparator. *Hu*, 927 F.3d at 96 (internal quotation marks omitted). Although a comparator's circumstances need not be identical to the plaintiff's, the comparator's circumstances must bear a "reasonably close resemblance" to the plaintiff's in order for this standard to be satisfied. *Id.* (internal

quotation marks omitted).

Section 1981 claims similarly require that a plaintiff "allege at least one instance in which he was treated differently from a similarly situated non-minority." *Id.* at 101. We have explained that, for section 1981 claims, the "standard for determining whether a plaintiff and a comparator are similarly situated is identical to the similarity standard for a *LeClair* Equal Protection claim." *Id.*

On appeal, Plaintiffs argue that the district court erred in concluding that Plaintiffs failed to proffer a similarly situated comparator to demonstrate that Plaintiffs were selectively treated at their 34th Street jobsite.[1] Plaintiffs point to two separate incidents at this jobsite in support of their argument: one on March 23, 2016 and one on July 11, 2016. According to Plaintiffs, on March 23, 2016, Burkart visited the 34th Street jobsite and spoke with Wayne Fried – a white man and an owner of New York Drilling, Inc. – regarding the excavation taking place at the site, which involved the use of a catch pond for water used to flush the

---

[1] The district court concluded that Plaintiffs had abandoned their *LeClair* Equal Protection and section 1981 claims as to all but the 34th Street jobsite. The district court further noted that – even assuming arguendo that Plaintiffs had not abandoned these claims – such claims would fail as a matter of law. Because Plaintiffs do not challenge the district court's determination with regard to the other jobsites on appeal, the Court limits its analysis herein to the 34th Street jobsite.

excavation drill. Burkart did not issue any violations. Then, on July 11, 2016, Burkart returned to the site when Fried was not present, took pictures of the site, and issued violations for unlicensed welding and standing water – even though by that point Plaintiffs had purportedly drained the catch pond on site. Plaintiffs argue that because Burkart only issued violations when Fried was not present, issues of material fact exist as to whether Burkart engaged in selective treatment of Plaintiffs at the 34th Street jobsite.

But as Defendants point out and as the district court recognized, Plaintiffs' aforementioned theory regarding Burkart's selective enforcement at the 34th Street jobsite was raised for the first time in Plaintiffs' opposition to Defendants' motion for summary judgment and contradicts certain allegations in Plaintiffs' amended complaint. Indeed, contrary to Plaintiffs' arguments on appeal, the amended complaint clearly identifies an event *following* the July 11, 2016 violation as the relevant comparator for the 34th Street jobsite. The amended complaint does not even mention Burkart's March 23, 2016 visit to the 34th Street jobsite, let alone identify this incident as a relevant comparator.

Furthermore, the amended complaint plainly asserts that around the time that Burkart issued the July 11, 2016 violation, the catch pond at the 34th Street

jobsite was filled with water, which was at least in part the result of heavy rains. These allegations directly contradict Plaintiffs' present contention that at the time of the July 11, 2016 violation, the catch pond had been drained and there was no longer standing water at the site. To explain this discrepancy, Plaintiffs asserted that although they admitted to the standing water violation back in 2016, they did so under duress to "try and avoid Defendant Burkart imposing a protracted work stoppage regardless of the truth." Plaintiffs Br. at 11.

We agree with Defendants that Plaintiffs may not raise a new theory of selective enforcement for the first time in their opposition to Defendants' motion for summary judgment. *See Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013) (declining to reach merits of argument raised for first time in opposition to summary judgment); *Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006) (same). Normally, "[a] party's assertion of fact in a pleading is a judicial admission by which it . . . is bound throughout the course of the proceeding." *Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528 (2d Cir. 1985); *see also Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (recognizing that a party may not amend its complaint through statements made in motion papers). When a party fails to explain or reconcile inconsistent and contradictory statements between a

7

party's complaint and opposition to summary judgment, such statements can "transcend credibility concerns and go to the heart of whether the party has raised *genuine* issues of material fact to be decided by a jury." *Rojas v. Roman Cath. Diocese of Rochester*, 660 F.3d 98, 106 (2d Cir. 2011); *see also Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996) (noting that "factual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial"); *Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86, 102 (2d Cir. 2020) (explaining that a party may not create a material dispute of fact by contradicting a prior sworn affidavit). That is the case here: because Plaintiffs' recent assertions regarding Burkart's March 23, 2016 visit directly contradict the allegations in their amended complaint, and Plaintiffs have failed to reconcile these discrepancies, we cannot conclude that Plaintiffs have established a genuine issue of material fact as to their treatment at the 34th Street site.

With regard to the alternative comparator set forth in Plaintiffs' amended complaint, we agree with the district court that Plaintiffs have failed to demonstrate that the jobsite Burkart encountered upon his alleged return to the 34th Street site after July 11, 2016 was reasonably similar to the jobsite he encountered at the time that he issued the violation. Plaintiffs offered no specific

details regarding the state of the catch pond on either date to establish that the pond was in a materially similar state on the two dates in question. Moreover, Plaintiffs do not dispute that, even if conditions were similar on the two occasions, the site could not have been penalized again because the second visit occurred during the prescribed window of time in which violators are permitted to cure the condition. 1 RCNY § 102-01(d)(1). As such, we conclude that the district court properly granted summary judgment for Defendants as to Plaintiffs' Equal Protection and section 1981 claims.

Having affirmed the dismissal of Plaintiffs' federal claims, we cannot conclude that the district court abused its discretion in dismissing Plaintiffs' state-law claim. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n.7 (1988). In determining whether to exercise jurisdiction over supplemental state-law claims, district courts are to "balance the values of judicial economy, convenience, fairness, and comity." *Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006). Here, the district court properly considered these factors in evaluating whether to exercise supplemental jurisdiction, concluding that the interest of comity weighed in favor of allowing Plaintiffs' state-law claim to be adjudicated in state court and that it would be "neither unfair nor

inconvenient" for the parties to litigate that claim in a state forum.  Sp. App'x at 23–24.

Plaintiffs argue that the district court erred in declining to exercise supplemental jurisdiction over Plaintiffs' state-law claim because this case has been pending for over five years, the district court is "intimately familiar with the issues in this case," and the district court is familiar with adjudicating N.Y. Gen. Mun. Law § 51 claims.  Plaintiffs Br. at 21–22.  But we see no reason to disturb the district court's conclusion that this is the "usual case" in which all federal-law claims have been dismissed before trial and the balance of factors point towards declining to exercise supplemental jurisdiction.  *See, e.g.*, *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 123–24 (2d Cir. 2006) (determining that the district court should have declined to exercise supplemental jurisdiction when federal-law claims had been dismissed and there was "no extraordinary inconvenience or inequity occasioned by permitting the claims to be refiled in state court"); *Tops Markets, Inc. v. Quality Markets, Inc.*, 142 F.3d 90, 102–03 (2d Cir. 1998) (holding that the district court properly exercised its discretion in declining supplemental jurisdiction after dismissing federal-law claims on a motion for summary judgment decided more than three years after complaint was filed); *Kidder, Peabody*

10

*& Co. v. Maxus Energy Corp.*, 925 F.2d 556, 564 (2d Cir. 1991) (determining that the balance of factors weighed in favor of the divestiture of pendant state-law claims even though "the court ha[d] invested considerable time in their resolution").

We have considered Plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

11